IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN MARTINEZ,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>MENTAL HEALTH BOARD OF DOUGLAS COUNTY, NEBRASKA,<br><br>　　　　　　　Respondent. | 8:24CV450<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on preliminary review of Petitioner Adrian Gutierrez Martinez's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court will deny and dismiss the petition[1] without prejudice.

　　　　Petitioner is civilly committed to the Norfolk Regional Center pursuant to an April 26, 2018, commitment order entered by the Mental Health Board of the Fourth Judicial District for Douglas County, Nebraska ("Mental Health Board"). Filing No. 1 at 1. On May 24, 2022, the Mental Health Board held a hearing for the purpose of forcibly medicating Petitioner with "unwanted psychotropic drugs, namely Abilify injections every 28 days even though the Petitioner is not a danger to self or to others." Filing No. 3. Petitioner was not present at the hearing nor was he provided an attorney. *Id*. Petitioner states the Mental Health Board did not conduct "a medical records review to determine if the forced drug injections were medically necessary" and, since the hearing, "he has not had a medication review or visit by a psychiatrist to determine whether the need to take such

---

[1] For purposes of this review, the petition includes Petitioner's Memorandum of Law, Filing No. 3, which he filed with his petition.

drugs are [sic] medically necessary." *Id*. Petitioner claims the Mental Health Board's actions violated his due process rights and asks the Court to order the Mental Health Board to cease the forced medication injections. Filing No. 1 at 5, 15; Filing No. 3.

These are plainly "conditions of confinement" claims that are not properly brought as habeas corpus claims. That is:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Because it "plainly appears from the petition . . . that [Petitioner] is not entitled to relief" under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court will dismiss this action without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1),(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The habeas corpus petition, Filing No. 1, is dismissed without prejudice and particularly without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983. No certificate of appealability has been or will be issued.

2. The Clerk of Court shall send a Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner) and a Form AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) to Petitioner along with this Memorandum and Order and Judgment.

3. The Court will enter judgment by separate document.

Dated this 3rd day of July, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge